## THE FAYERWEATHER WILL CASES.

(Circuit Court, S. D. New York. August 25, 1902.)

1. CIRCUIT COURTS—RULES OF DECISION—FOLLOWING DECISION OF SUPERIOR COURT.

    A decision of the circuit court of appeals that a matter is res judicata by reason of judgments of state courts is conclusive upon a circuit court in which the issue subsequently arises between the same parties or their privies, where the evidence is substantially the same, whatever may have been the intervening decisions of the state courts thereon.

In Equity. On final hearing. See 103 Fed. 548.

Roger M. Sherman and Wm. Blaikie, for complainant.

C. J. Bovee, Jr., Jno. E. Parsons, James L. Bishop, and Henry L. Stimpson, for respondents.

LACOMBE, Circuit Judge. In whatever way the questions arising in these causes are presented, whether by bill and plea, or bill and answer, or cross-bill and plea or answer, the claim preferred by "widow and next of kin," or survivors and privies, is conclusively shut out by the releases, if such releases are valid. The question whether or not they are valid was held by the circuit court of appeals to be no longer an open question, because it had been adjudicated in a prior litigation between the same parties or their predecessors or privies. It is not perceived that the record here, so far as it deals with such prior litigation, is materially different from that on which the circuit court of appeals passed. The testimony of the state judge who heard the prior cause at special term has added nothing. His opinion showed quite as clearly that he did not consider the question whether the releases were or were not obtained by fraud or misrepresentation. Where the facts are the same, the decision of the circuit court of appeals is controlling here. Whether later decisions in the state courts should induce a modification of the principles of law enunciated by the circuit court of appeals is a question for that court, not for this.

The several pleas are sustained, and bill and cross-bill dismissed. Decrees appropriate to the situation presented by the pleadings, not in all instances uniform, of the different parties, may be entered on notice.